IRA JOHNSON v. THE STATE.

No. 3565.  Decided May 26, 1915.

1.—Poll Tax Receipt—Indictment—Duplicitous Pleading.

A misdemeanor and a felony, representing separate and distinct offenses can not be charged in the same count of an indictment, as this would be duplicitous pleading.

2.—Same—Jurisdiction.

See opinion suggesting that the pleadings should be confined to one of the statutes.

Appeal from the County Court of Palo Pinto.  Tried below before the Hon. J. T. Ranspot.

Appeal from a conviction of unlawfully obtaining poll tax; penalty, a fine of $225 and sixty days confinement in the county jail.

The opinion states the case.

*Moyers & Creighton,* for appellant.—On question of duplicitous pleading:  Heineman v. State, 22 Texas Crim. App., 44; Hickman v. State, 22 id., 441; Wood v. State, 84 S. W. Rep., 1058.

*C. C. McDonald,* Assistant Attorney General, for the State.—On sufficiency of indictment:  Solon v. State, 54 Texas Crim. Rep., 261.

DAVIDSON, JUDGE.—The indictment, omitting formal parts, alleges that appellant "did then and there unlawfully become the agent of J. F. Pointer for the purpose of obtaining the receipt for the said J. F. Pointer for poll tax for the State of Texas and County of Palo Pinto due by said J. F. Pointer to the said State and county for the year 1913, and as said agent the said Ira Johnson did unlawfully pay the tax collector of Palo Pinto County, State of Texas, the poll tax due by the said J. F. Pointer to the State and county aforesaid for the year 1913, and did then and there and thereby obtain the receipt for said poll tax for the said J. F. Pointer, against the peace and dignity of the State."

This case was tried in the County Court.  Various objections are urged to the indictment, principally that it charges a misdemeanor and a felony in the same count, which makes it duplicitous.  If it only intended to charge appellant with knowingly becoming the agent of Pointer to obtain a poll tax receipt or certificate of exemption, or if it charged that he gave money to Pointer to induce him to pay his poll tax, it might be brought under article 229 of the Penal Code of 1911, but it does not undertake to charge that he gave money to Pointer, but it charges that appellant paid the tax collector of Palo Pinto County the poll tax due by Pointer, which would come within the provisions and denunciation of article 233.  That article provides that any candidate for office or other person who pays or procures another to pay the poll tax of a citizen, except as permitted by law, is guilty of a felony

and shall be punished, etc. The indictment is rather an admixture of articles 229 and 233 of the Penal Code. If the indictment is duplicitous, one charging a misdemeanor, and the other a felony, of course the indictment would be quashed. A misdemeanor and a felony can not be so charged in this State; one would be a misdemeanor with jurisdiction in the County Court, while the other would be a felony with jurisdiction in the District Court. This would render it duplicitous. The writer is inclined to the opinion that the indictment is duplicitous; but in any event it does charge appellant, or seeks to charge him, with a felony under article 233, wherefore the County Court did not have jurisdiction. The writer's suggestion is that the pleadings should be confined to one of the statutes. The allegations in the indictment should comply with the definition of one of the articles. If appellant paid the money for Pointer and obtained a poll tax receipt, not being authorized by law to do so, the indictment should be framed under article 233, which would be returnable to the District Court. The writer would suggest that a new indictment be obtained framing the allegations to one article or the other of the code cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*